# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00038-FDW

| | | |
|---|---|---|
| JONATHAN JAMES NEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ERIC A. HOOKS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A. [Doc. 8]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

## I.    BACKGROUND

Pro se Plaintiff Jonathan James Newell ("Plaintiff") is an inmate of the State of North Carolina, currently incarcerated at Warren Correctional Institution in Norlina, North Carolina. Plaintiff filed the Complaint on review in this action on July 8, 2019,[1] pursuant to 42 U.S.C. § 1983, claiming violation of his equal protection rights while confined at Alexander Correctional Institution. Plaintiff names Erik A. Hooks, identified as the Secretary of the N.C. Department of Public Safety (NCDPS), as the sole Defendant in this matter. [Doc. 8]. Plaintiff alleges that he is a prisoner sentenced to life without the possibility of parole and that he is "being denied and deprived [of his] equal protections compared to prisoners with release dates in seeking an interstate

---

[1] On April 8, 2019, Plaintiff filed a Complaint under 42 U.S.C. § 1983 against Defendants Erik Hooks and Kenneth Lassiter. [Doc. 1]. On May 23, 2019, the Court granted Plaintiff's motion to dismiss Plaintiff's original Complaint without prejudice. [Doc. 5]. Plaintiff does not name Defendant Lassiter as a Defendant in the refiled Complaint. The Court will, therefore, direct the Clerk to update the docket in this matter to reflect that Defendant Lassiter is not a Defendant to the instant Complaint.

compact prison transfer to another state." [Id. at 1]. Plaintiff alleges that "other inmates with release dates are able to transfer to other state prison systems" and his "rehabilitation and reform" is being hindered because he cannot be transferred. [Id. at 2]. Plaintiff further alleges that he filed a grievance on the matter, which was rejected due to it being "allegedly out of control of the N.C. Department of Public Safety – Prison Division…." [Id.].

For relief, Plaintiff wants to be granted and provided transfer to a prison system within the state of California, Oregon, Washington, Guam, New Hampshire, Vermont, or Maine, as well as other injunctive relief, and compensatory and punitive damages. [Id. at 3].

## II.   STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.  DISCUSSION

Plaintiff claims his Fourteenth Amendment right to equal protection of the law is being violated because, as a prisoner sentenced to life in prison, he is not eligible for transfer to another

2

state under the Interstate Corrections Compact.[2]

To establish an equal protection violation, Plaintiff first must demonstrate that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)). Here, Plaintiff has not alleged any facts that he was treated differently from others with whom he is similarly situated, that is, other prisoners carrying life terms. Further, Plaintiff has not alleged any facts tending to show that Defendants participated in any purposeful discrimination. Thus, Plaintiff fails to state a Fourteenth Amendment Equal Protection claim and this claim does not survive initial review.

Furthermore, Plaintiff has no constitutional right to change of his custodial location by reason of the Interstate Corrections Compact in any event. "Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a state, he has no justifiable expectation that he will be transferred to any particular state. Confinement in the state of conviction is within the normal limits or range of custody which the conviction has authorized the State to impose." Wilson v. Johnson, 805 F.2d 394 (table), 1986 WL 18052, at *1 (4th Cir. 1986) (citing Olim v. Wakinekona, 461 U.S. 238, 247 (1983) (internal quotations omitted)). See also Ghana v. Pearce, 159 F.3d 1206, 1209 (9th Cir. 1998) (because "the Compact is not federal law and does not create a constitutionally protected liberty interest," a violation of the Compact cannot

---

[2] The Interstate Corrections Compact enables participating states to enter into agreements for cooperative care, treatment, and housing of offenders sentenced to or confined in prisons and other correctional institutions. North Carolina is a participant in the Compact. See N.C. Gen. Stat. § 148-119, et seq.

3

be the basis for a § 1983 claim).

In sum, Plaintiff has failed to state a claim of a constitutional violation against Defendant Hooks. Plaintiff's Complaint, therefore, will be dismissed.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint is dismissed on initial review under 28 U.S.C. § 1915(e) and § 1915A for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Complaint [Doc. 8] is **DISMISSED** for failure to state a claim.

(2) The Clerk is instructed to update the docket in this matter to reflect that Defendant Lassiter was terminated as a Defendant in this matter on July 8, 2019.

(3) The Clerk is instructed to terminate this action.

Signed: November 14, 2019

Frank D. Whitney
Chief United States District Judge